Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X – DJ 2024-062C

| | | |
|---|---|---|
| JOSÉ A. LUGO ALEJANDRO, ET ALS<br><br>Apeladas<br><br><br>V.<br><br><br>SOCIEDAD LEGAL DE GANANCIALES RIVERA-CASUL, ET ALS<br><br>Apelantes | KLAN202500396 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm.: CG2021CV00599<br><br>Sobre: Incumplimiento de Contrato, Impericia Profesional Contra Otros Profesionales (No Médicos), Daños |

Panel integrado por su presidenta; la Juez Lebrón Nieves, la Jueza Romero García y el Juez Rivera Torres

*Lebrón Nieves, Juez Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 26 de noviembre de 2025.

El 7 de mayo de 2025, compareció ante este Tribunal de Apelaciones el Lcdo. Edgar J. Rivera Núñez, la señora Blessie Casul Perales y la Sociedad Legal de Gananciales compuesta por ambos (en adelante, parte apelante o matrimonio Rivera-Casul), mediante recurso de *Apelación Civil*. Nos solicita que revisemos la *Sentencia* emitida el 4 de abril de 2025 y notificada el 7 de abril de 2025 por el Tribunal de Primera Instancia, Sala Superior de Caguas. En virtud del aludido dictamen, el foro *a quo* declaró *Ha Lugar* la *Demanda* incoada por José A. Lugo Alejandro y su esposa, la señora Elsa I. Pérez Ramírez (en adelante, parte apelada o matrimonio Lugo-Pérez), y determinó que el licenciado Rivera Núñez incumplió con sus deberes como representante legal del matrimonio Lugo-Pérez. Por lo anterior, declaró que el licenciado Rivera Núñez, su esposa, la señora Casul Perales y la Sociedad Legal de Bienes Gananciales compuesta por ambos, les responde solidariamente a los apelados "por la suma de $102,445.33 por el dinero no

recuperado de la sentencia y las costas en el caso E PE2007-0105; $10,000.00 en concepto de angustias mentales y $5,000.00 en concepto de honorarios de abogado, más costas, gastos e interés legal hasta el pago total de la deuda".[1]

Por los fundamentos que adelante se exponen, se confirma el dictamen apelado.

**I**

La controversia de epígrafe tiene su génesis en una *Demanda*[2] sobre impericia profesional, incumplimiento de contrato y daños y perjuicios incoada el 10 de marzo de 2021 por el matrimonio Lugo-Pérez y la Sociedad Legal de Gananciales compuesta por ambos en contra de la parte apelante. La parte apelada reclamó: (1) $61,925.00 en costas; (2) $32,000.00 que no se pudieron recobrar a causa de la quiebra presentada por la señora Vanessa Navarro Betancourt, parte perdidosa en el caso E PE2007-0105 y (3) una cantidad no menor de $10,000.00 por angustias mentales.[3]

De acuerdo con las alegaciones de la *Demanda*,[4] en el año 2010, los apelados contrataron al licenciado Rivera Núñez para que asumiera su representación legal en el caso E PE2007-0105, sobre

---

[1] Véase, Apéndice del recurso, pág. TA-0016.

[2] Véase, Apéndice del recurso, págs. TA-0145-0156. Véase, también, Entradas 1 y 5, del expediente digital del caso CG2021CV00599, en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC TPI). *Demanda* (presentada el 10 de marzo de 2021) y *Demanda Enmendada* (presentada el 11 de marzo de 2021).

[3] Surge del expediente que, previo a la presentación de la *Demanda*, en un trámite aparte, el 2 de diciembre de 2020, el matrimonio Lugo-Pérez presentó una querella en contra del licenciado Rivera Núñez ante el Tribunal Supremo de Puerto Rico. Véase, Entrada 12, del expediente digital del caso CG2021CV00599, SUMAC TPI.

[3] El 24 de agosto de 2021, licenciado Rivera Núñez, por conducto del Cuerpo de Procuradores del Abogado y la Abogada del Colegio de Abogados y Abogadas de Puerto Rico, presentó su contestación a la queja incoada por el matrimonio Lugo-Pérez. Entrada 103, del expediente digital del caso CG2021CV00599, SUMAC TPI, Anejos EXH. 10A, EXH. 10B, EXH. 10C Y EXH. 10D PTE. DTE. CONTESTACI[Ó]N A LA QUERELLA IMPUESTA ANTE EL TRIBUNAL SUPREMO. *Moción en cumplimiento de orden,* presentada por el matrimonio Lugo-López el 13 de marzo de 2025. Querella AB-20-145 del 2 de diciembre de 2020.

[4] El 11 de enero de 2019, el matrimonio Lugo-López incoó el caso CG2019CV00114 sobre incumplimiento de contrato y daños y perjuicios. De la Entrada 117 surge que el 11 de agosto de 2021 y notificada el 19 de agosto del mismo año, el Tribunal de Primera Instancia decretó el archivo sin perjuicio de dicha acción sin especial imposición de costas ni honorarios de abogado. Subsiguientemente, el 10 de marzo de 2021, el matrimonio Lugo-López presentó la reclamación sobre sobre incumplimiento de contrato, daños y perjuicios e impericia profesional en el caso CG2021CV00599.

petición de *Injunction*[5] y posteriormente, en el caso EDP2009-0038 sobre Daños y Perjuicios[6]. Ambos casos se instaron en contra de Bonifacio Navarro y Priscilla Betancourt y la Sociedad Legal de Gananciales compuesta por ambos y en contra de la señora Vanessa Navarro Betancourt.[7]

El 11 de marzo de 2021, el matrimonio Lugo-Pérez presentó una *Demanda Enmendada*,[8] a los fines de modificar la indemnización solicitada de la siguiente manera: (1) $61,925.00 en costas, (2) $32,000.00 que no se pudieron recobrar a causa de la quiebra presentada por la señora Navarro Betancourt, (3) $2,500.00 en honorarios de abogados concedidos por el Tribunal de Apelaciones en el caso KLAN201600422, (4) una cantidad no menor de $10,000.00 por angustias mentales.

El 9 de julio de 2021, los apelados presentaron su *Moción sometiendo originales de los emplazamientos diligenciados*.[9]

El 15 de julio de 2021, los apelantes comparecieron por derecho propio y sin someterse a la jurisdicción del Tribunal, mediante una *Solicitud de Prórroga*,[10] en la cual peticionaron un

---

[5] El caso E PE2007-0105 fue presentado el 20 de febrero de 2007, inicialmente, por una representación legal distinta. En apretada síntesis, los hechos allí alegados se remontan a los años 1999-2000 y versan sobre un conflicto vecinal por una obra de construcción de Bonifacio Navarro Hernández y Vanessa Navarro Betancourt, quienes son vecinos colindantes del matrimonio Lugo-Pérez. El matrimonio Lugo-Pérez alegó que los Navarro realizaron la construcción de una residencia y de un camino en el terreno adyacente al suyo y que los movimientos de terreno realizados provocaron deslizamientos y ocasionaron daños estructurales a la residencia del matrimonio Lugo-Pérez, así como que, la convivencia entre colindantes se tornó hostil

[6] El 27 de enero de 2009, los apelados incoaron la reclamación E DP2009-0038 sobre daños y perjuicios.

[7] Cabe destacar que, el caso **E PE2007-0105** sobre entredicho provisional, daños y perjuicios (Apéndice del recurso, págs. TA-231-237, presentado el 20 de febrero de 2007, según Consulta de Casos del Poder Judicial) y el caso **E DP2009-0038** sobre daños y perjuicios (Apéndice del recurso, págs. TA-0238-0241, presentado el 27 de enero de 2009, según Consulta de Casos del Poder Judicial) fueron consolidados. el 29 de febrero de 2016. Véase, también, Entrada 103, del expediente digital del caso CG2021CV00599, SUMAC TPI, Anejo EXH. 1 *PTE. DTE. Notificación De Sentencia Caso EPE2007-0105 del 29 de enero de 2016*. Clarificamos que el *Mandamiento Embargo Preventivo de Bienes Inmuebles* antes mencionado muestra el caso E PE2009-0038 en su epígrafe. Consulta de Casos del Poder Judicial y la pág. 238 del Apéndice del recurso confirman que el identificador alfanumérico correcto es **E DP2009-0038**.

[8] Véase, Apéndice del recurso, págs. TA-0151-0156.

[9] Véase, Entrada 9, del expediente digital del caso CG2021CV00599, SUMAC TPI.

[10] Véase, Entrada 10 del expediente digital caso CG2021CV00599, SUMAC TPI.

término de 30 días para contratar representación legal. El 20 de julio de 2021, notificada el 2 de agosto de 2021, mediante *Orden*,[11] el foro primario concedió la prórroga solicitada por los apelantes.

Posteriormente, el foro *a quo*, mediante *Orden* emitida el **14 de septiembre de 2021 y notificada al día siguiente, anotó la rebeldía a la parte apelante**.[12] Luego de varios eventos procesales, el 22 de agosto de 2022, el licenciado Rivera Núñez le solicitó al foro primario que aceptara su representación legal[13], la cual fue autorizada el 26 de agosto de 2022, notificada el 29 del mismo mes y año.[14] **El 29 de agosto de 2022, el foro *a quo*, mediante *Resolución*, emitida y notificada el mismo día, dejó sin efecto la rebeldía anotada** a los apelantes.[15]

Luego de varios trámites procesales, el **23 de febrero de 2024**, notificada el 27 de febrero de 2024, el Tribunal de Primera Instancia, mediante *Orden*, a solicitud de la parte apelada, **anotó nuevamente la rebeldía a los apelantes y señaló el juicio en rebeldía para el 11 de abril de 2024**.[16]

El 11 de abril de 2024, el licenciado Rivera Núñez contestó la *Demanda*, por conducto su representación legal "sin someterse a la jurisdicción del Tribunal".[17]

Acaecidas varias incidencias procesales, el 28 de octubre de 2024, los apelantes presentaron la *Contestación a Demanda Enmendada*.[18] En lo pertinente, negaron que la Sociedad Legal de Gananciales compuesta por el licenciado Rivera Núñez y la señora Casul Perales tuviera responsabilidad alguna frente a los

---

[11] Véase, Entrada 12 del expediente digital caso CG2021CV00599, SUMAC TPI,
[12] Véase, Entrada 14 del expediente digital caso CG2021CV00599, SUMAC TPI.
[13] Véase, Entrada 20 del expediente digital caso CG2021CV00599, SUMAC TPI. *Moción asumiendo representación legal,* presentada por los apelantes el 22 de agosto de 2022.
[14] Véase, Entrada 22 del expediente digital caso CG2021CV00599, SUMAC TPI.
[15] Véase, Entrada 21 del expediente digital caso CG2021CV00599, SUMAC TPI.
[16] Véase, Entrada 47 del expediente digital caso CG2021CV00599, SUMAC TPI.
[17] Véase, Entrada 53 SUMAC TPI. También, véase, Apéndice del recurso, págs. TA-0493-0497.
[18] Véase, Entradas 73 y 74 del expediente digital caso CG2021CV00599, SUMAC TPI.

apelados.[19] Por otro lado, la parte apelante admitió que no se presentó el memorando de costas en el pleito.[20]

A la Conferencia Inicial, celebrada el **28 de octubre de 2024**, comparecieron las representaciones legales de ambas partes. El foro primario advirtió sobre la inactividad en el caso desde el momento en que se contestó la demanda. Entre otras cosas, surge de la *Minuta*,[21] notificada el 1 de noviembre de 2024, que el foro *a quo* estableció hasta el 31 de enero de 2025 para concluir el descubrimiento de prueba.

Ante el incumplimiento de la parte apelante con el descubrimiento de prueba, el **10 de enero de 2025**, notificada el **14 de enero de 2025**, el foro primario le impuso a la parte apelante la sanción económica de doscientos dólares ($200.00), so pena de sanciones adicionales, incluyendo la anotación de rebeldía.[22]

Mediante Orden del 28 de enero de 2025, notificada en igual fecha, el foro *a quo* le anotó nuevamente la rebeldía a la parte apelante tras su reiterado incumplimiento con el descubrimiento de prueba y señaló juicio en rebeldía para el **18 de marzo de 2025**.[23]

Transcurridos varios trámites procesales, en la fecha señalada, 18 de marzo de 2025, se llevó a cabo la Vista en Rebeldía, a la cual no compareció la parte apelante ni su representante legal.[24] Durante la referida vista, desfiló el testimonio de los señores Lugo-Pérez, además de prueba documental. Concluido el desfile de

---

[19] *Íd.* Alegación núm. 6 de la *Contestación a Demanda Enmendada*, Entrada 74, SUMAC TPI, presentada por la parte apelante el 28 de octubre de 2024. La alegación negada por la parte apelante corresponde a la alegación núm. 2 (a) de la *Demanda* de epígrafe (Entradas 1 y 5 del caso CG2021CV00599) que se presentó el 10 de marzo de 2021 (y enmienda presentada al día siguiente), luego del cierre del caso CG2019CV00114, aunque la parte apelante hace referencia al principio de su escrito a la *Demanda* originalmente presentada por la parte apelada el 11 de enero de 2019 y enmienda subsiguiente el 22 de mayo de 2019 (Entradas 1 y 19 del caso CG2019CV00114).
[20] *Íd.* Alegación núm. 20 de la *Contestación a Demanda Enmendada*, Entrada 74, SUMAC TPI.
[21] Véase Entrada 81 del expediente digital caso CG2021CV00599, SUMAC TPI.
[22] Véase Entrada 94 del expediente digital caso CG2021CV00599, SUMAC TPI.
[23] Véase, Entrada 96, del expediente digital caso CG2021CV00599, SUMAC TPI.
[24] Véase, Entrada 111, del expediente digital caso CG2021CV00599, SUMAC TPI.

prueba, el foro *a quo* concedió diez (10) días para presentar el Proyecto de Sentencia.

Así las cosas, y luego de varios eventos procesales, el 4 de abril de 2025, notificada el 7 de abril del mismo año, el foro *primario* emitió la *Sentencia* cuya revisión nos ocupa. En la misma, esbozó las siguientes determinaciones de hechos:[25]

1. La parte demandantes (sic) contrató en el año 2010 los servicios legales del codemandado Rivera Núñez para que asumiera la representación legal en el caso civil Lugo Alejandro vs. Bonifacio Navarro et als[.], con número de caso civil EPE2007-0105 en la Sala 802 en el Tribunal de Primera Instancia de Caguas.

2. Rivera Núñez asumió la representación de la, aquí, parte demandante, habiéndosele pagado los gastos y honorarios de abogado.

3. Rivera Núñez era casado teniendo una sociedad legal de bienes gananciales con su esposa Blessie Casul Perales, los cuales se beneficiaban de los ingresos de este.

4. Luego de varios años e incidentes procesales en aquel caso EPE2007-0105, el 26 de febrero de 2016 el Tribunal de Primera Instancia dictó Sentencia a favor de la parte demandante y en contra de los codemandados Bonifacio Navarro Hernández y Vanessa Navarro Betancourt.

5. La referida sentencia fue notificada el 29 de febrero de 2016, y le concedió a la parte demandante una compensación económica de $27,000.00 y honorarios de abogado por $5,000.00, para un total de $32,000.00, más intereses post sentencia a razón de 4.25% anual, actualmente equivalente a $12,353.33.

6. El 29 de febrero de 2016 y el 2 de marzo del mismo año, Rivera Núñez le solicitó a la parte demandante información relacionada a todos los gastos incurridos en el pleito para someter el correspondiente memorando de costas y recuperar las costas incurridas en el caso EPE2007-0105.

7. Conforme la regla y la fecha de notificación de la *Sentencia* del caso EPE2007-0105, los demandantes tenían diez (10) días jurisdiccionales a partir de la notificación para presenta ante el Tribunal correspondiente memorándum de cos[t]as, o sea, hasta el 10 de marzo de 2016.

---

[25] Véase, Apéndice del recurso, págs. TA-0001-0016.

8. El 8 de marzo de 2016 la parte demandante diligentemente le informó a Rivera Núñez tener la información solicitada y se personó a su oficina, sin ser citada, para hacer entrega de los documentos. Rivera Núñez se negó a recibir los documentos aduciendo que la parte no tenía cita.

9. El 15 de marzo de 2016 Rivera Núñez le dio fecha de cita a la parte demandante para que asistiera a su oficina, esta vez para reunirse el 16 de marzo de 2016 a las 10:30 am y recibir los documentos e información relacionada a las costas del pleito. **Nótese, que el término para someter el memorando de costas había vencido**. [Énfasis en el original].

10. El 16 de marzo de 2016, la parte demandante y Rivera Núñez se reunieron en la oficina de este último y esta le hizo entrega de la información solicitada sobre las costas.

11. Rivera Núñez le informó a la parte demandante que presentaría su memorando de costas luego del 29 de marzo de 2016.

12. La parte demandante confió plenamente en Rivera Núñez.

13. Bonifacio Navarro Hernández y Vanessa Navarro Betancourt recurrieron en apelación ante el Tribunal de Apelaciones de la Sentencia del Caso EPE2007-0105.

14. La parte demandante firmó con Rivera Núñez un contrato para que los representara en ese procedimiento y le pagaron los correspondientes honorarios de abogados.

15. El 30 de junio de 2017, notificada el 7 de julio de 2017, 1 Tribunal de Apelaciones en el caso KLAN201600422, confirmó la sentencia del caso EPE2007-0105.

16. La parte demandante tenían (sic) otra oportunidad a partir del mandato para presentar el memorándum de costas ante el foro primario. Rivera Núñez, no lo presentó.

17. Luego de la sentencia del Tribunal de Apelaciones, la parte demandante perdió comunicación con Rivera Núñez.

18. No fue hasta el 10 de febrero de 2018 que la parte demandante se reunió en la oficina de Rivera Núñez y este le informó, por primera vez, haber cometido un error tras no someter el memorando de costas.

19. Rivera Núñez aceptó que desconocía que el término para presentar el memorándum de costas era jurisdiccional.

20. Rivera Núñez deja de comunicarse con la parte demandante, a pesar de que esta última trataba de tener información sobre su caso.

21. Luego de varios incidentes procesales y una apelación, Rivera Núñez hizo gestiones tardías para ejecutar la sentencia en el caso EPE2007-0105. El 24 de octubre de 2017, y a solicitud de Rivera Núñez, el Tribunal de Primera Instancia emitió el correspondiente mandamiento sobre embargo preventivo en aseguramiento de sentencia de un inmueble perteneciente a Vanessa Navarro Betancourt.

22. No fue hasta el 29 de abril de 2018 que el mandamiento fue presentado por Rivera Núñez en el Registro de la Propiedad mediante el Sistema KARIBE.

23. Para la fecha de la presentación de ese embargo ante el Registro de la Propiedad, Bonifacio Navarro Hernández y Vanessa Navarro Betancourt se habían acogido a la protección del Capítulo 7 de la Ley de Quiebras, en específico los días 17 de julio de 2018 y 14 de diciembre de 2017, respectivamente.

24. La presentación de los pleitos de quiebra era de conocimiento de Rivera Núñez ya que le habían sido notificadas a su dirección postal.

25. La parte demandante fue incluida en los casos de quiebra de Bonifacio Navarro Hernández y Vanessa Navarro Betancourt, pero en la lista de acreedores no asegurados ante la falta de diligencia de Rivera Núñez, quien no inscribió oportunamente la sentencia y el embargo del inmueble en el Registro de la Propiedad.

26. La tardanza en la inscripción se debió, totalmente, a la falta de diligencia y negligencia de Rivera Núñez. Además, tampoco le informó a la parte demandante sobre los pleitos de quiebra que se habían presentado.

27. Rivera Núñez tampoco hizo gestión alguna para que la parte demandante pudieran (sic) presentar *"Proof of Claim"* en la Corte de Quiebras. Ni para comparecer a la reunión de acreedores.

28. Como consecuencia de ello, la Corte de Quiebra no realizó ningún pronunciamiento de las acreencias de la parte demandante.

29. Ante la falta de diligencia de Rivera Núñez, la parte demandante contrató otra representación legal diferente para presentar una reclamación en un procedimiento adversativo para reabrir el caso de quiebra, *José A. Lugo Alejandro y Elsa Pérez*

*Ramírez v. Navarro Betancourt*, 20-00021-ESL, el cual fue desestimado el 29 de marzo de 2020.

30. El demandado incumplió con su obligación y deber, al no presentar oportunamente el correspondiente memorando de costas en el caso EPE2007-0105, ocasionando que la parte demandante perdiera su derecho a recuperar dichos gastos.

31. Rivera Núñez incumplió con su obligación y deber, al no presentar en el Registro de la Propiedad la correspondiente orden y mandamiento de embargo, el cual de haber sido presentad[o], oportunamente, le hubieran dado una mejor oportunidad a la parte demandante de poder recobrar su sentencia por la suma de $32,000.00, más intereses post sentencia a razón de 4.25% anual.

32. En el caso EPE2007-0105 eran recobrables las siguientes partidas en concepto de costas: (1) $7,343.00 del Ing. James Baijés (Geo CiM), (2) $49,800.00, del Ing. Aurelio García, (3) $800.00 del Ing. Mario Soriano, (4) $150.00 de sellos de rentas internas y emplazamientos; para un total de $58,093.00.

33. A su vez, la parte demandante se vio impedida de cobrar los $32,000.00 correspondiente a la sentencia en el caso EPE2007-0105 y el interés legal, el cual actualmente asciende a $12,353.33.

34. Todos los actos de Rivera Núñez le causaron serios daños a la parte demandante. Incluso, José A. Lugo Alejandro tuvo que recurrir a médicos y ayuda espiritual para sobrellevar la situación. En particular, este tiene un diagnóstico de depresión severa recurrente más ingiere múltiples medicamentos. Por su parte, Elsa I. Pérez Ramírez sufre al ver el estado de (sic) mental y de ánimo de su esposo. Incluso, se desespera al no saber c[ó]mo ayudar a su esposo quien le verbaliza "No sé pa' que estoy en esta Tierra."

35. Ha (sic) consecuencia de no poder recuperar las sumas antes indicadas, la parte demandante se ha visto afectada emocionalmente, causándole angustias mentales.

Consecuentemente, la primera instancia judicial declaró *Ha Lugar* la *Demanda Enmendada* y condenó al licenciado Rivera Núñez, su esposa Blessie Casul Perales y la Sociedad Legal de Gananciales a responder solidariamente a los apelados "por la suma de $102,445.33 por el dinero no recuperado de sentencia y las costas en el caso E PE2007-0105, $10,000.00 por concepto de

angustias mentales y $5,000.00 por concepto de honorarios de abogado más las costas, gastos e interés legal hasta el pago total de la deuda".

Inconforme, el 7 de mayo de 2025, el licenciado Rivera Núñez acudió ante este foro revisor y esgrimió los siguientes señalamientos de error:

> Primer Señalamiento de Error: Erró el TPI al dictar Sentencia a favor de los Apelados cuando ni la prueba o la Sentencia establecen que el Lcdo. Rivera violara un deber legal como parte de su pasada relación abogado-cliente con los Apelados, elemento necesario para probar una acción en daños y perjuicio [s] al amparo del Art. 1802 del Código Civil e imputar responsabilidad civil a un abogado.

> Segundo Señalamiento de Error: Erró el TPI al dictar Sentencia a favor de los Apelados cuando de la prueba o de la Sentencia no surge la causa próxima, elemento necesario para probar una acción en daños y perjuicio [s] al amparo del Art. 1802 del Código Civil e imputar responsabilidad civil a un abogado.

> Tercer Señalamiento de Error: Erró el TPI cuando en abuso de discreción anotó la rebeldía a los Apelantes en abstracción del orden de prelación de la Regla 39.2 de Procedimiento Civil.

> Cuarto Señalamiento de Error: Erró el TPI toda vez que no existe prueba alguna para imputar responsabilidad solidaria por impericia profesional en contra de la Sra. Casul toda vez que ella no es abogada admitida y no puede como cuestión de derecho considerarse cocausante de los daños alegadamente sufridos y probados por los Apelados.

El 7 de mayo de 2025, la parte apelante presentó una *Moción solicitando permiso para exceder máximo de páginas dispuestas en la Regla 70 (D) del Reglamento del Tribunal de Apelaciones.*

El 12 de mayo de 2025, emitimos *Resolución* en la cual autorizamos el exceso de páginas solicitado por la parte apelante y concedimos a la parte apelante término para presentar la transcripción de la prueba oral y alegato suplementario, de así estimarlo necesario.

En cumplimiento con lo ordenado, el 24 de junio de 2025, los apelantes sometieron ante esta Curia la transcripción de la prueba oral.[26]

El 10 de septiembre de 2025, la parte apelante anunció una representación legal adicional y presentó su *Alegato Suplementario.* Mediante nuestra *Resolución* del 11 de septiembre de 2025, aceptamos la representación legal peticionada y le concedimos hasta el 20 de octubre de 2025 a la parte apelada para oponerse al recurso de epígrafe.

El 23 de septiembre de 2025, los apelados presentaron su *Moción de desestimación de recurso.* Posteriormente, el 3 de octubre de 2025, los apelantes presentaron su *Oposición a moción de desestimación.*

Luego de reseñados los hechos pertinentes del caso que nos ocupa, procedemos a esbozar el derecho que enmarca a la controversia ante nos.

**II**

### A. *Responsabilidad extracontractual*

Como sabemos, en nuestro ordenamiento jurídico, la responsabilidad civil extracontractual emana del Artículo 1802 del Código Civil -aplicable al caso de autos- que, a tales efectos, dispone que "el que por acción u omisión causa daño a otro, interviniendo culpa o negligencia, está obligado a reparar el daño causado". 31 LPRA ant. sec. 5141[27]. *Sucn. Mena Pamias et al. v. Meléndez et al.,* 212 DPR 758, 767-768 (2023); *Cruz Flores et al. v. Hosp. Ryder et al.,* 210 DPR 465, 483-484 (2022); *Colón Santos v. Coop. Seg. Mult. P.R.* 173 DPR 170, 177 (2008). De manera análoga, el Artículo 1536

---

[26] *Moción en cumplimiento de orden*, presentada por los apelantes el 24 de junio de 2025.

[27] El derecho aplicable en el caso de epígrafe se remite al Código Civil de Puerto Rico de 1930, puesto que, la presentación de la *Demanda* y los hechos que dan base a esta tuvieron lugar antes de la aprobación del nuevo Código Civil de Puerto Rico, Ley 55-2020, según enmendado.

del Código Civil de Puerto Rico 2020, 31 LPRA sec. 10801 *et seq.*, dispone que la persona que por culpa o negligencia cause daño a otra, viene obligada a repararlo.

Para que prospere una reclamación por daños y perjuicios al amparo del referido precepto legal, se requiere la concurrencia de tres elementos, los cuales tienen que ser probados por la parte demandante: (1) el acto u omisión culposa o negligente; (2) la relación causal entre el acto u omisión culposa o negligente y el daño ocasionado; y (3) el daño real causado al reclamante. *Inmob. Baleares et al. v. Benabe et al.*, 214 DPR 1109, 1125 (2024); S*ucn. Mena Pamias et al. v. Meléndez et al.*, supra, pág. 768; *Cruz Flores et al. v. Hosp. Ryder et al.*, supra, págs. 483-484; *Nieves Díaz v. González Massas*, 178 DPR 820, 843 (2010).

El daño constituye el menoscabo material o moral que sufre una persona, ya sea en sus bienes vitales naturales, en su propiedad o en su patrimonio, causado en contravención a una norma jurídica y por el cual ha de responder otra persona. En nuestro ordenamiento jurídico se reconoce la existencia de dos tipos de daños: los especiales, conocidos como daños físicos, patrimoniales, pecuniarios o económicos, y los generales, conocidos como daños morales. *Nieves Díaz v. González Massas*, supra, pág. 845.

La culpa o negligencia es falta del debido cuidado, esto es, no anticipar ni prever las consecuencias racionales de un acto, o de la omisión de un acto, que una persona prudente habría de prever en tales circunstancias. S*ucn. Mena Pamias et al. v. Meléndez et al.*, supra, pág. 768; *Montalvo v. Cruz*, 144 DPR 748, 755 (1998).

En Puerto Rico rige la teoría de la causalidad adecuada, la cual postula que "no es causa toda condición sin la cual no se hubiera producido el resultado, sino la que ordinariamente lo produce según la experiencia general". *Cruz Flores v. Hosp. Ryder et al.*, supra, págs. 484-485; S*ucn. Mena Pamias et al. v. Meléndez et*

*al.,* supra*, pág. 768.    En *Rivera v. SLG Díaz,* 165 DPR 408, 422 (2005), nuestro más Alto Foro señaló que la relación causal, elemento imprescindible en una reclamación en daños y perjuicios, es un elemento del acto ilícito que vincula al daño directamente con el hecho antijurídico. *Nieves Díaz v. González Massas,* supra*, págs. 844-845. Conforme con lo anterior, un daño podrá ser considerado como el resultado probable y natural de un acto u omisión negligente si luego del suceso, mirándolo retroactivamente, éste parece ser la consecuencia razonable y común de la acción u omisión de que se trate. *Hernández Vélez v. Televicentro,* 168 DPR 803, 814 (2006); *Cruz Flores v. Hosp. Ryder et al.*, supra, pág. 485.

Para establecer la relación causal necesaria, no es suficiente que un hecho aparente ser condición de un evento, si éste regularmente no trae aparejado ese resultado. Esta normativa ha sido fundamentalmente desarrollada con el propósito de limitar la responsabilidad civil a aquellos casos en que la ocurrencia de un hecho dañoso sea imputable moralmente a su alegado autor, porque éste era una consecuencia previsible o voluntaria del acto negligente. *Soto Cabral v. ELA*, 138 DPR 298, 317 (1995).

Al aplicar el principio de la causalidad adecuada, el Tribunal Supremo de Puerto Rico expresó que "la difícil determinación de cuándo existe nexo causal entre el daño producido por un acto delictivo de un tercero y la omisión de cumplir con la obligación de tomar precauciones, medidas de seguridad y protección, no puede 'resolverse nunca de una manera plenamente satisfactoria mediante reglas abstractas, sino que en los casos de duda ha de resolverse por el juez según su libre convicción, ponderando todas las circunstancias'." *J.A.D.M. v. Centro Com. Plaza Carolina*, 132 DPR 785, 796 (1993).

**B. *El deber de diligencia en la representación legal del cliente***

Todo miembro de la profesión legal tiene el deber de "defender los intereses del cliente diligentemente", Canon 18 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 18, con un trato profesional caracterizado por la mayor capacidad, la más devota lealtad y la más completa honradez.  Su gestión profesional debe llevarse a cabo aplicando en cada caso sus conocimientos, experiencia y habilidad desempeñándose de una forma adecuada y responsable, capaz y efectiva.  El ejercicio de la práctica de la profesión de abogado requiere en todo momento celo, cuidado y prudencia.  *In re Acosta Grubb*, 119 DPR 595, 602-603 (1987).  En sintonía con lo anterior, nuestro Tribunal Supremo ha reiterado que la relación del abogado con su cliente se debe fundamentar en la absoluta confianza entre ambos.  *In re Cid*, 173 DPR 40, 44-45 (2008).

El Alto Foro también ha sostenido que "[...] aquella actuación negligente que pueda conllevar, o que en efecto conlleve, la desestimación o el archivo de un caso, se configura violatoria del citado Canon 18.", *In re García Incera*, 201 DPR 1043, 1049 (2019) citando a *In re Nieves Nieves*, 181 DPR 25, 37 (2011).

**C. *La Anotación de Rebeldía***

La anotación de rebeldía se define como la posición procesal en que se coloca la parte que ha dejado de cumplir un deber procesal o de ejercitar su derecho de defenderse. *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 587 (2011); *Rodríguez et al. v. Rivera et al.*, 155 DPR 838, 848 (2001).

Es norma ampliamente conocida que nuestro ordenamiento jurídico permite que el tribunal *motu proprio* o a solicitud de parte le anote la rebeldía a una parte por no comparecer a contestar la demanda o a defenderse como estipulan las reglas, o como sanción. *Mitsubishi Motor v. Lunor y otros*, 212 DPR 807, 823-825 (2023); *Álamo v. Supermercado Grande, Inc.*, 158 DPR 93, 100 (2002). En

ambas circunstancias, el efecto de la anotación es que se dan por ciertos los hechos que están correctamente alegados. Regla 45.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 45.1. *Mitsubishi Motor v. Lunor y otros*, supra; *Bco. Popular v. Andino Solís*, 192 DPR 172, 179 (2015).

Ciertamente, nuestro más Alto Foro ha sido enfático en establecer que esto no exime al tribunal de evaluar si la causa de acción presentada amerita la concesión del remedio solicitado. *Mitsubishi Motor v. Lunor y otros*, supra; *Álamo v. Supermercado Grande, Inc.*, supra, pág. 102. Véanse, además, Ocasio v. Kelly *Servs.*, 163 DPR 653, 681 (2005); *Rivera* v. *Insular Wire Products Corp.*, 140 DPR 912, 931 (1996).

El Tribunal Supremo de Puerto Rico, en *Bco. Popular v. Andino Solís*, supra, págs.179-180, expresó que:

> [...] una mera comparecencia no es suficiente para evitar que a una parte se le anote la rebeldía. Precisamente, el propósito de que se pueda continuar con los procedimientos contra una parte en rebeldía, es no permitir que ésta deje de defenderse o presentar alegaciones como una estrategia de litigación para dilatar los procedimientos. *Álamo v. Supermercado Grande, Inc.*, supra, pág. 100. Véase, además, *Continental Ins. Co. v. Isleta Marina*, 106 DPR 809, 814–815 (1978). Por tal razón, para evitar que la anotación proceda, **de la comparecencia debe surgir la intención de la parte de defenderse**. Por ello, cuando una parte comparece mediante una moción de prórroga o con una moción asumiendo representación profesional, por sí solas, no se considera suficiente para evitar que se anote la rebeldía. (Citas omitidas) (Énfasis nuestro).

La figura de la rebeldía está regulada por la Regla 45.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 45.1, la cual dispone lo siguiente:

> Cuando una parte contra la cual se solicite una sentencia que concede un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas, y este hecho se pruebe mediante declaración jurada o de otro modo, el secretario anotará su rebeldía.

> El tribunal a iniciativa propia o a moción de parte podrá anotar la rebeldía a cualquier parte conforme a la Regla 34.2 (b)(3).
>
> Dicha anotación tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2 (b).
>
> La omisión de anotar la rebeldía no afectará la validez de una sentencia dictada en rebeldía.

Nuestro Tribunal Supremo ha destacado el principio general de derecho de que el propósito del mecanismo de la rebeldía es desalentar el uso de la dilación como estrategia de litigación. Sobre este particular, el Alto Foro ha señalado que: "... es nota constitutiva de la justicia el tiempo oportuno, por lo que una dilación en la respuesta judicial puede ser una fuente de injusticia". En otras palabras, "**justicia tardía** equivale a la denegación de la justicia misma". La rebeldía "es la posición procesal en que se coloca la parte que ha dejado de ejercitar su derecho a defenderse o de cumplir con su deber procesal". *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 587 (2011).

De acuerdo con nuestro ordenamiento procesal civil, son tres los fundamentos por los cuales una parte puede ser declarada en rebeldía. El primero y más común es simplemente por no comparecer al proceso después de haber sido debidamente emplazada. En este contexto el demandado que así actúa no incumple con un deber, pues tiene el derecho o facultad de no comparecer si no desea hacerlo. Sin embargo, lo que el ordenamiento no permite es que, ante el ejercicio de esa facultad o derecho, el proceso se paralice. Es en ese momento que entra en función el mecanismo procesal de la rebeldía, de manera que la causa de acción continúe dilucidándose sin que necesariamente la parte demandada participe. Queda claro entonces que, en virtud de este mecanismo procesal, el ejercicio de la prerrogativa por parte de un demandado de actuar en rebeldía no consigue dilatar el litigio en

su contra y constituye una renuncia a la realización de ciertos actos procesales, en perjuicio de sus propios intereses. *Rivera Figueroa v. Joe's European Shop*, supra, págs. 587-588.

El segundo fundamento para que una parte pueda ser declarada en rebeldía surge en el momento en que el demandado no formula contestación o alegación responsiva alguna en el término concedido por ley, habiendo comparecido mediante alguna moción previa de donde no surja la intención clara de defenderse. Wright, Miller & Kane, Federal Practice and Procedure, Civil 2d., secs. 2682 y 2686. Desde ese momento la parte demandante puede solicitar o el tribunal *motu proprio* puede declarar a la parte en rebeldía.

El tercer fundamento surge cuando una parte se niega a descubrir su prueba después de haber sido requerido mediante los métodos de descubrimiento de prueba, o simplemente cuando una parte ha incumplido con alguna orden del tribunal. En esta instancia y como medida de sanción, el demandante puede solicitar o el tribunal *motu proprio* puede declarar a la parte que ha incumplido en rebeldía. *Rivera Figueroa v. Joe's European Shop*, supra, pág. 588.

De otra parte, la Alta Curia ha señalado que, aunque la rebeldía constituye un mecanismo procesal discrecional para el foro de instancia, tal discreción no se sostiene ante el ejercicio burdo o injusto. Por ejemplo, la Regla 34.3(b)(3) de Procedimiento Civil, 32 LPRA. Ap. V, dispone que el tribunal podrá dictar "todas aquellas órdenes que sean justas" entre ellas, sentencias en rebeldía. De manera que, la anotación de rebeldía o el dictar sentencia en rebeldía a una parte como sanción por su incumplimiento con una orden del tribunal siempre debe darse dentro del marco de lo que es justo, y la ausencia de tal justicia equivaldría a un abuso de discreción. *Rivera Figueroa v. Joe's European Shop*, supra, pág. 590, citando a *Díaz v. Tribunal Superior*, 93 DPR 79 (1966).

A su vez, en su penúltimo párrafo, la Regla 45.1 de Procedimiento Civil, *supra*, señala los efectos o consecuencias de la anotación de rebeldía. **Estos efectos se resumen en que se dan por admitidos todos los hechos bien alegados en la demanda o la alegación que se haya formulado contra el rebelde y se autoriza al tribunal para que dicte sentencia,[28] si ésta procede como cuestión de derecho**.[29]

Por su parte, la Regla 45.3 de Procedimiento Civil de Puerto Rico[30], dispone lo concerniente a la facultad del tribunal para dejar sin efecto una rebeldía. Específicamente, la referida dispone lo siguiente:

> El tribunal podrá dejar sin efecto una anotación de rebeldía por causa justificada, y cuando se haya dictado sentencia en rebeldía, podrá asimismo dejarla sin efecto de acuerdo con la Regla 49.2 de este apéndice.

No obstante, aunque la facultad de un foro de instancia para dejar sin efecto una anotación de rebeldía al amparo de la Regla 45.3 de Procedimiento Civil, *supra*, se enmarca en la existencia de justa causa, [. . .], esta regla se debe interpretar de manera liberal, resolviéndose cualquier duda a favor de que se deje sin efecto la anotación o la sentencia en rebeldía. (Cita omitida), *Rivera Figueroa v. Joe's European Shop, supra*, págs. 591-592.

---

[28] La Regla 45.1 de Procedimiento Civil, *supra*, advierte que la sentencia en rebeldía dictada por el tribunal deberá cumplir con las disposiciones de la Regla 45.2(b) de Procedimiento Civil, *supra*, en las circunstancias que así lo ameriten. Esto es: no se dictará sentencia en rebeldía contra un(a) menor o una persona incapacitada a menos que estén representados(as) por el padre, madre, tutor(a), defensor(a) judicial u otro(a) representante que haya comparecido en el pleito. Si para que el tribunal pueda dictar sentencia o para ejecutarla se hace necesario fijar el estado de una cuenta, o determinar el importe de los daños, o comprobar la veracidad de cualquier aseveración mediante prueba o hacer una investigación de cualquier otro asunto, el tribunal deberá celebrar las vistas que crea necesarias y adecuadas o encomendar la cuestión a un comisionado o comisionada. Cuando la parte contra la cual se solicita sentencia en rebeldía haya comparecido en el pleito, dicha parte será notificada del señalamiento de cualquier vista en rebeldía que celebre.
[29] *Continental Insurance Co. v. Isleta Marina, Inc.,* 106 DPR 809 (1978).
[30] 32 LPRA Ap. V, R. 45.3.

## D. Sociedad Legal de Gananciales

En nuestro ordenamiento, el alcance jurídico del matrimonio es bidimensional: surte efectos personales y patrimoniales.[31] Al contraer nupcias, los cónyuges también configuran el régimen patrimonial que regirá su matrimonio; régimen de bienes, de deberes y derechos patrimoniales.[32] La constitución de ese régimen puede realizarse mediante el otorgamiento previo de un contrato de capitulaciones matrimoniales. No obstante, ante la ausencia de pacto o la insuficiencia de esas capitulaciones matrimoniales, nuestro Código Civil establece que el régimen económico que regirá el matrimonio será la Sociedad Legal de Bienes Gananciales. [33]

El derogado Código Civil de Puerto Rico de 1930, en su Art. 1267, regulaba lo concerniente al régimen económico del matrimonio.  El mismo disponía lo siguiente:

> Los que se unan en matrimonio podrán otorgar sus capitulaciones estipulando las condiciones de la sociedad conyugal relativamente a los bienes presentes y futuros, sin otras limitaciones que las señaladas en este Código. Estas, como requisito constitutivo, deberán ser inscritas en el Registro de Capitulaciones Matrimoniales adscrito a la Oficina de Inspección de Notarías.
>
> **A falta de contrato sobre los bienes o selección de un régimen determinado, se entenderá el matrimonio contraído bajo el régimen de la sociedad legal de gananciales**.[34] (Énfasis nuestro).

Actualmente, el Código Civil 2020,[35] contempla la selección del régimen económico y el régimen supletorio, bajo los Art. 488 y 489, los que disponen:

> Las personas que se unan en matrimonio pueden, antes y después de celebrado el matrimonio, seleccionar el régimen económico conyugal, relativo a sus bienes presentes y futuros, al otorgar capitulaciones, sin otras limitaciones que las señaladas en este Código. Cualquier modificación posterior se anotará al margen de la inscripción primera de las capitulaciones

---

[31] *Roselló Puig v. Rodríguez Cruz*, 183 DPR 81, 92 (2011).
[32] *Íd.*
[33] *Íd.*, a las págs. 92-93.
[34] Art. 1267 del Código Civil 1930, 31 LPRA ant. sec. 3551.
[35] Código Civil de Puerto Rico de 2020, 31 LPRA sec. 5311 *et seq.,* según enmendado.

matrimoniales en el Registro de Capitulaciones Matrimoniales adscrito al Tribunal Supremo, para que surta efectos respecto de terceros.[36]

**Los futuros cónyuges pueden optar por no seleccionar un régimen determinado al contraer matrimonio, en cuyo caso quedan sujetos al régimen de la sociedad de gananciales.[37]** (Énfasis nuestro).

La existencia del régimen de la Sociedad Legal de Bienes Gananciales implica que los cónyuges son condueños y coadministradores de la totalidad del patrimonio matrimonial, por lo que ostentan la titularidad conjunta de este sin distinción de cuotas.[38] Por esta razón, independientemente de que se adquieran para uno solo de los consortes, **"[s]e reputan gananciales todos los bienes del matrimonio, mientras no se pruebe que pertenecen privativamente al marido o a la mujer".[39] De igual manera, todas las deudas y obligaciones del matrimonio se reputan gananciales a menos que se demuestre lo contrario**.[40]

La referida norma se mantuvo vigente bajo el actual Código Civil, pues el Art. 519 establece que "se presumen gananciales los bienes del matrimonio mientras no se pruebe que pertenecen privativamente a cualquiera de los cónyuges".[41]  Más aún, lo anterior se encontraba codificado en el Art. 1301 del Código Civil derogado, el cual establecía que eran bienes gananciales:

1) Los adquiridos por título oneroso durante el matrimonio a costa del caudal común, bien se haga la adquisición para la comunidad, bien para uno solo de los esposos.

2) Los obtenidos por la industria, sueldo o trabajo de los cónyuges o de cualquiera de ellos.

3) Los frutos, rentas o intereses percibidos o devengados durante el matrimonio, procedentes de

---

[36] Art. 488, del Código Civil 2020, 31 LPRA sec. 6911.
[37] Art. 489, del Código Civil 2020, 31 LPRA sec. 6912.
[38] *Roselló Puig v. Rodríguez Cruz, supra,* a la pág. 93, citando a *Montalbán v. Rodríguez*, 161 DPR 411, 420 (2004).
[39] *Íd.*; Art. 1307, del Código Civil 1930, 31 LPRA ant. sec. 3647.
[40] Art. 1308, del Código Civil 1930, 31 LPRA ant. sec. 3661; *Roselló Puig v. Rodríguez Cruz, supra*, pág. 93.
[41] Art. 519, del Código Civil 2020, 31 LPRA sec. 6971.

los bienes comunes o de los peculiares de cada uno de los cónyuges.[42]

El nuevo Código Civil mantuvo, en esencia, la misma descripción de lo que son los bienes gananciales. En específico, dicho artículo desglosa como bienes gananciales los siguientes:

(a)   los adquiridos a título oneroso y a costa del caudal común, bien se haga la adquisición para la sociedad conyugal, para el disfrute y provecho de los miembros de la familia o para uno solo de los cónyuges;

(b)   los obtenidos por el trabajo o la industria de cualquiera de los cónyuges;

(c)   los frutos que producen tanto los bienes privativos como los bienes comunes y gananciales;

(d)   los adquiridos por el derecho de retracto, con carácter ganancial, aun cuando se empleen fondos privativos en dicha adquisición, en cuyo caso la sociedad es deudora del cónyuge por el valor satisfecho; y

(e)   las empresas creadas o fundadas durante la vigencia de la sociedad por cualquiera de los cónyuges, a expensas de los bienes comunes. Si en la formación o desarrollo de tales entidades económicas concurren el capital privativo y el capital común, aplicará lo dispuesto en el artículo sobre la cotitularidad de bienes.[43]

Respecto al pago de multas y condenas pecuniarias, nuestro Tribunal Supremo en *Rosario v. Dist. Kikuet, Inc.*, 151 DPR 364, 646-647 (2000), reiteró lo siguiente:

Como regla general, el pago de multas y condenas pecuniarias que se le impongan a uno de los cónyuges no estará a cargo de la sociedad legal de gananciales. Sin embargo, en *Lugo Montalvo v. González Mañón*, 104 D.P.R. 372, 378 (1975), expusimos una excepción a dicha regla general:

*Parece claro, pues, que la doctrina entiende, creemos que con razón, que cuando la multa o condena es motivada por la comisión de un delito, como regla general ... la responsabilidad es personal del cónyuge que lo cometió*; pero en casos de responsabilidad civil extracontractual, la responsabilidad será personal o de la sociedad de gananciales según los hechos que la produjeron. *Generalmente se reconoce que si la acción o gestión del marido aprovecha económicamente la masa ganancial, la responsabilidad también será*

---

[42] Art. 1301 del Código Civil 1930, 31 LPRA ant. sec. 3641.
[43] Art. 513, del Código Civil 2020, 31 LPRA sec. 6965.

*de cargo de dichos bienes.* Como expresa Scaevola, "quién está a las ganancias, debe estar a las pérdidas," precepto que considera que desde muy antiguo rige en materia de sociedad. (Énfasis suplido.)

### E. Deferencia al Tribunal de Primera Instancia

Es una norma firmemente establecida que el tribunal apelativo no intervendrá con la discreción del tribunal de instancia, "salvo que se demuestre que hubo un craso abuso de discreción o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Zorniak Air Servs. v. Cessna Aircraft Co.,* 132 DPR 170, 181 (1992); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

Según es sabido, las determinaciones de hechos y de credibilidad del tribunal sentenciador deben ser merecedoras de gran deferencia por parte de los foros apelativos. *Argüello v. Argüello*, 155 DPR 62, 78-79 (2001); *Pueblo v. Bonilla Romero*, 120 DPR 92, 111 (1987); *Hernández Maldonado v. Taco Maker*, 181 DPR 281, 287 (2011); *SLG Rivera Carrasquillo v. AAA*, 177 DPR 345, 356 (2009); *Ortiz Ortiz v. Medtronic*, 209 DPR 759, 778-779 (2022).

Sin embargo, la deferencia judicial no es absoluta, pues podrá ser preterida en ciertas instancias. Nuestro Máximo Foro ha reiterado que, los tribunales apelativos "no debemos intervenir con las determinaciones de los juzgadores de primera instancia, salvo que medie pasión, prejuicio, parcialidad o error manifiesto". *Serrano Muñoz v. Auxilio Mutuo*, 171 DPR 717, 741 (2007); *Santiago Ortiz v. Real Legacy et al.*, 206 DPR 194, 219 (2021); *SLG Rivera Carrasquillo v. AAA*, supra, pág. 356; *Ortiz Ortiz v. Medtronic*, supra, pág. 778, *Pueblo v. Hernández Doble*, 210 DPR 850, 864 (2022)[44].

---

[44] Véase también *Rodríguez et al. v. Hospital et al.*, 186 DPR 889, 908-909 (2012); *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 770-771 (2013).

No obstante, "la tarea de determinar cuándo un tribunal ha abusado de su discreción no es una fácil. Empero, no tenemos duda de que el adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad". *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434-435 (2013). Es por lo que, nuestra más Alta Curia ha definido la discreción como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012). Así, la discreción se "nutr[e] de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia; no es función al antojo o voluntad de uno, sin tasa ni limitación alguna". Ello "no significa poder para actuar en una forma u otra, haciendo abstracción del resto del Derecho". (Citas omitidas). *SLG Zapata-Rivera v. J.F. Montalvo*, supra, pág. 435.

Luego de esbozar la norma jurídica que enmarca la controversia de autos, procedemos a disponer del recurso que nos atiene.

**III**

En su *primer señalamiento de error*, la parte apelante planteó que, el foro *a quo*, incidió al concluir que el licenciado Rivera Núñez violó un deber legal que impute la responsabilidad descrita en el Artículo 1802 del anterior Código Civil. Apuntó que, ni la prueba o la *Sentencia* establecen la responsabilidad civil.

En su *segundo señalamiento de error*, alegó que, el elemento de la causa próxima al amparo del Artículo 1802 del Código Civil no surgía de la *Sentencia* ni de la prueba.

Como *tercer señalamiento de error*, la parte apelante plantea que erró el Tribunal de Primera Instancia cuando en abuso de discreción, anotó la rebeldía a los Apelantes en abstracción del orden de prelación de la Regla 39.2 de Procedimiento Civil.

Por último, en su *cuarto señalamiento*, esgrime que, erró el Tribunal de Primera Instancia, toda vez que, no existe prueba alguna para imputar responsabilidad solidaria por impericia profesional en contra de la señora Casul, toda vez que, ella no es abogada admitida y no puede como cuestión de derecho considerarse co causante de los daños alegadamente sufridos y probados por los Apelados.

Tal y como reseñamos previamente, el caso de marras gira en torno a en una *Demanda*[45] sobre impericia profesional, incumplimiento de contrato y daños y perjuicios incoada el 10 de marzo de 2021 por el matrimonio Lugo-Pérez y la Sociedad Legal de Gananciales compuesta por ambos en contra de la parte apelante. En el presente caso, la parte apelante pretende que revoquemos una Sentencia emitida por el foro *a quo*, luego de celebrada la *Vista en su fondo en rebeldía*.

Por su relevancia, comenzaremos por discutir, en primera instancia, el *tercer señalamiento de error*. Como se desprende del tracto procesal del caso previamente reseñado, en más de una ocasión, el foro primario le anotó la rebeldía a la parte apelante debido a su craso incumplimiento tanto con el descubrimiento de prueba, así como con las órdenes del Tribunal. Es meritorio puntualizar que, la parte apelante ni siquiera compareció a la aludida Vista en Rebeldía.

Repasemos los eventos pertinentes señalados previamente. Mediante *Orden* del **14 de septiembre de 2021 y notificada al día siguiente,** el foro primario le anotó la rebeldía a la parte apelante.[46] Luego de varios eventos procesales, el 22 de agosto de 2022, el

---

[45] Véase, Apéndice del recurso, págs. TA-0145-0156. Véase, también, Entradas 1 y 5, del expediente digital del caso CG2021CV00599, en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC TPI). *Demanda* (presentada el 10 de marzo de 2021) y *Demanda Enmendada* (presentada el 11 de marzo de 2021).

[46] Véase, Entrada 14 del expediente digital caso CG2021CV00599, SUMAC TPI.

licenciado Rivera Núñez le solicitó al foro *a quo* que aceptara su representación legal[47], la cual fue autorizada el 26 de agosto de 2022, notificada el 29 del mismo mes y año.[48]  En vista de lo anterior, mediante *Resolución* del 29 de agosto de 2022,  emitida y notificada el mismo día se dejó sin efecto la rebeldía anotada a los apelantes.[49]

Luego de varias incidencias procesales, el **23 de febrero de 2024**, notificada el 27 de febrero de 2024, el Tribunal de Primera Instancia, mediante *Orden*, a solicitud de la parte apelada, **anotó nuevamente la rebeldía a los apelantes** y señaló el juicio en rebeldía para el 11 de abril de 2024.[50]

El 11 de abril de 2024, el licenciado Rivera Núñez contestó la *Demanda*, por conducto su representación legal "sin someterse a la jurisdicción del Tribunal".[51]

Luego de transcurridos varios trámites procesales, el 28 de octubre de 2024, los apelantes presentaron la *Contestación a Demanda Enmendada*.[52] En lo pertinente, negaron que la Sociedad Legal de Gananciales compuesta por el licenciado Rivera Núñez y su esposa tuviera responsabilidad alguna frente a los apelados.[53] Por otro lado, la parte apelante admitió que no se presentó el memorando de costas en el pleito.[54]

---

[47] Véase, Entrada 20 del expediente digital caso CG2021CV00599, SUMAC TPI. *Moción asumiendo representación legal,* presentada por los apelantes el 22 de agosto de 2022.

[48] Véase, Entrada 22 del expediente digital caso CG2021CV00599, SUMAC TPI.

[49] Véase, Entrada 21 del expediente digital caso CG2021CV00599, SUMAC TPI.

[50] Véase, Entrada 47 del expediente digital caso CG2021CV00599, SUMAC TPI.

[51] Véase, Entrada 53 SUMAC TPI. También, véase, Apéndice del recurso, págs. TA-0493-0497.

[52] Véase, Entradas 73 y 74 del expediente digital caso CG2021CV00599, SUMAC TPI.

[53] *Íd.* Alegación núm. 6 de la *Contestación a Demanda Enmendada*, Entrada 74, SUMAC TPI, presentada por la parte apelante el 28 de octubre de 2024. La alegación negada por la parte apelante corresponde a la alegación núm. 2 (a)  de la *Demanda* de epígrafe (Entradas 1 y 5 del caso CG2021CV00599) que se presentó el 10 de marzo de 2021 (y enmienda presentada al día siguiente), luego del cierre del caso CG2019CV00114, aunque la parte apelante hace referencia al principio de su escrito a la *Demanda* originalmente presentada por la parte apelada el 11 de enero de 2019 y enmienda subsiguiente el 22 de mayo de 2019 (Entradas 1 y 19 del caso CG2019CV00114).

[54] *Íd.* Alegación núm. 20 de la *Contestación a Demanda Enmendada*, Entrada 74, SUMAC TPI.

Ante el incumplimiento de la parte apelante con el descubrimiento de prueba, el **10 de enero de 2025**, notificada el **14 de enero de 2025**, el foro primario le impuso a la parte apelante la sanción económica de doscientos dólares ($200.00), **so pena de sanciones adicionales, incluyendo la anotación de rebeldía.**[55]

Mediante *Orden* **del 28 de enero de 2025,** notificada en igual fecha, el foro *a quo* **le anotó nuevamente la rebeldía a la parte apelante** tras su reiterado incumplimiento con el descubrimiento de prueba y señaló juicio en rebeldía para el **18 de marzo de 2025**.[56]

Acaecidas varias incidencias procesales, el **28 de octubre de 2024, los apelantes presentaron la *Contestación a Demanda Enmendada*.**[57] En lo pertinente, negaron que la Sociedad Legal de Gananciales compuesta por el licenciado Rivera Núñez y su esposa tuviera responsabilidad alguna frente a los apelados.[58] Por otro lado, la parte apelante admitió que no se presentó el memorando de costas en el pleito.[59]

A la Conferencia Inicial, celebrada el **28 de octubre de 2024**, comparecieron las representaciones legales de ambas partes. El foro primario advirtió sobre la inactividad en el caso desde el momento en que se contestó la demanda. Entre otras cosas, mediante su *Minuta*,[60] notificada el 1 de noviembre de 2024, el foro *a quo* estableció hasta el 31 de enero de 2025 para concluir el descubrimiento de prueba.

---

[55] Véase Entrada 94 del expediente digital caso CG2021CV00599, SUMAC TPI.

[56] Véase, Entrada 96, del expediente digital caso CG2021CV00599, SUMAC TPI.

[57] Véase, Entradas 73 y 74 del expediente digital caso CG2021CV00599, SUMAC TPI.

[58] *Íd.* Alegación núm. 6 de la *Contestación a Demanda Enmendada*, Entrada 74, SUMAC TPI, presentada por la parte apelante el 28 de octubre de 2024. La alegación negada por la parte apelante corresponde a la alegación núm. 2 (a) de la *Demanda* de epígrafe (Entradas 1 y 5 del caso CG2021CV00599) que se presentó el 10 de marzo de 2021 (y enmienda presentada al día siguiente), luego del cierre del caso CG2019CV00114, aunque la parte apelante hace referencia al principio de su escrito a la *Demanda* originalmente presentada por la parte apelada el 11 de enero de 2019 y enmienda subsiguiente el 22 de mayo de 2019 (Entradas 1 y 19 del caso CG2019CV00114).

[59] *Íd.* Alegación núm. 20 de la *Contestación a Demanda Enmendada*, Entrada 74, SUMAC TPI.

[60] Véase Entrada 81 del expediente digital caso CG2021CV00599, SUMAC TPI.

Debido a que el foro apelado anotó la rebeldía nuevamente el 28 de enero de 2025, notificada en igual fecha, tras el reiterado incumplimiento con el descubrimiento de prueba de la parte apelante, y habida cuenta de que la parte apelante no recurrió de dicha determinación, su planteamiento traído en esta etapa procesal resulta ser uno tardío.[61]

Dicho lo anterior, en el caso de marras huelga decir que, ante la desidia de la parte apelante, el foro primario no abusó de su discreción al anotarle la rebeldía a la parte apelante, pues tuvo oportunidad más que razonable para cumplir con lo ordenado y optó por no hacerlo.

En resumen, habida cuenta de que a la parte apelante se le anotó la rebeldía, esta tiene que cargar con las consecuencias de su inobservancia de su deber de diligencia para con su cliente y con lo mandatado por el foro primario. Como sabemos, la Regla 45.1 de Procedimiento Civil, *supra*, señala los efectos o consecuencias de la anotación de rebeldía se resumen en que se dan por admitidos todos los hechos bien alegados en la demanda o la alegación que se haya formulado contra el rebelde y se autoriza al tribunal para que dicte sentencia,[62] si ésta procede como cuestión de derecho.

En el caso de autos, no vemos indicio de que la primera instancia judicial haya abusado de su discreción al anotarle la

---

[61] Véase, Entrada 96, del expediente digital caso CG2021CV00599, SUMAC TPI.
[62] La Regla 45.1 de Procedimiento Civil, *supra*, advierte que la sentencia en rebeldía dictada por el tribunal deberá cumplir con las disposiciones de la Regla 45.2(b) de Procedimiento Civil, *supra*, en las circunstancias que así lo ameriten. Esto es: no se dictará sentencia en rebeldía contra un(a) menor o una persona incapacitada a menos que estén representados(as) por el padre, madre, tutor(a), defensor(a) judicial u otro(a) representante que haya comparecido en el pleito. Si para que el tribunal pueda dictar sentencia o para ejecutarla se hace necesario fijar el estado de una cuenta, o determinar el importe de los daños, o comprobar la veracidad de cualquier aseveración mediante prueba o hacer una investigación de cualquier otro asunto, el tribunal deberá celebrar las vistas que crea necesarias y adecuadas o encomendar la cuestión a un comisionado o comisionada. Cuando la parte contra la cual se solicita sentencia en rebeldía haya comparecido en el pleito, dicha parte será notificada del señalamiento de cualquier vista en rebeldía que celebre.

rebeldía a la parte apelante, todo lo contrario. Tampoco vemos indicio de que la Sentencia dictada sea una contraria a derecho.

Por otro lado, estar estrechamente relacionados, discutiremos el primer y segundo señalamiento de error de manera conjunta. Veamos.

En materia contractual, el Artículo 1206 del Código Civil de 1930, establece que el contrato existe desde que una o varias personas consienten en obligarse respecto de otra u otras, a dar alguna cosa o **prestar algún servicio**. 31 LPRA ant. sec. 3371. Este principio obliga a los contratantes "**no sólo al cumplimiento de lo expresamente pactado**, sino también a **todas las consecuencias que según su naturaleza sean conformes a la buena fe, al uso y a la ley**". Art. 1210 del Código Civil, 33 LPRA ant. sec. 3375. (Énfasis nuestro).

Como es sabido, nuestro derecho civil extracontractual, impone responsabilidad, al amparo del Artículo 1802 del Código Civil de 1930, 31 LPRA ant. sec. 5141[63], a la persona que incurra en conducta culposa o negligente. Como anteriormente esbozado y reiterado por nuestro más Alto Foro, para que prospere una reclamación por daños y perjuicios al amparo del referido precepto legal, se requiere la concurrencia de tres elementos, los cuales tienen que ser probados por la parte demandante: (1) el acto u omisión culposa o negligente; (2) la relación causal entre el acto u omisión culposa o negligente y el daño ocasionado; y (3) el daño real causado al reclamante. *Inmob. Baleares et al. v. Benabe et al., supra.* También, la culpa o negligencia es falta del debido cuidado, esto es, no anticipar ni prever las consecuencias racionales de un acto, o de la omisión de un acto, que una persona prudente habría

---

[63] Como dijimos, es aplicable al caso de marras.

de prever en tales circunstancias. S*ucn. Mena Pamias et al. v. Meléndez et al.*, supra; *Montalvo v. Cruz,* supra.

En el caso de autos, el **26 de febrero de 2016**, notificada el **29 de febrero del mismo año**, el Tribunal de Primera Instancia dictó su *Sentencia* en el caso E PE2007-0105, litigio en el que el matrimonio Lugo-Pérez obtuvo una sentencia a su favor que obligó a la parte perdidosa a satisfacer $27,000.00 más intereses al 4.25% desde la presentación de la demanda hasta el día en que se satisfaga la misma, como indemnización para responder por los daños y perjuicios ocasionados por la parte demandada, además de la cantidad de $5,000.00 por concepto de honorarios de abogados y las costas y gastos incurridos por el matrimonio Lugo-Pérez.[64] El licenciado Rivera Núñez fue el representante legal del matrimonio Lugo-Pérez en dicho caso y en su etapa posterior apelativa (KLAN201600422).

Sobre el memorando de costas del caso E PE2007-0105, el licenciado Rivera Núñez aceptó que no lo presentó.[65]

El **1 de septiembre de 2017**, notificado **el 24 de octubre de 2017**, el Tribunal de Primera Instancia, Sala de Caguas, emitió *Mandamiento Embargo Preventivo de Bienes Inmuebles*.[66] No fue sino hasta el **29 de abril de 2018** que el licenciado Rivera Núñez presentó el embargo telemáticamente ante el Registro de la Propiedad.[67] Tomamos conocimiento judicial de que el mes de

---

[64] Véase, Apéndice del recurso, págs. TA-0019-0027. *Sentencia* emitida el 26 de febrero de 2016 y notificada el 29 de febrero de 2016. Véase, también, Entrada 103, del expediente digital del caso CG2021CV00599, SUMAC TPI, Anejo EXH. 1 *PTE. DTE. Notificación De Sentencia Caso EPE2007-0105 del 29 de enero de 2016. Moción en cumplimiento de orden,* presentada por el matrimonio Lugo-López el 13 de marzo de 2025.

[65] Véase, Entrada 74, del expediente digital del caso CG2021CV00599, SUMAC TPI, presentada por la parte apelante el 28 de octubre de 2024. Alegación núm. 20 de la *Contestación a Demanda Enmendada.*

[66] Véase, Apéndice del recurso, págs. TA-0035-0036, 0310, 313-314. Véase, también, la transcripción oral de la prueba (TPO), en la págs. 13-14. El Tribunal explicó que su personal comenzó a trabajar presencialmente el 24 de octubre de 2017 luego del paso del Huracán María.

[67] Véase, Entrada 103, del expediente digital del caso CG2021CV00599, SUMAC TPI, Anejo EXH. 5 PTE. DTE. RECIBO DE LA PRESENTACI[Ó]N EN EL REGISTRO DE LA PROPIEDAD DEL 29 DE ABRIL DE 2018. *Moción en cumplimiento de orden,* presentada por el matrimonio Lugo-López el 13 de marzo de 2025.

septiembre del año 2017, Puerto Rico sufrió los estragos de dos eventos atmosféricos significativos. No obstante, del expediente no surge una razón adicional para justificar la dilación superior a los seis meses que se evidencia entre la emisión del mandamiento y la presentación del documento judicial ante el Registro.

Por otro lado, la parte perdidosa en el pleito E PE2007-0105 se acogió a los procedimientos de la Ley de Quiebras Federal en las fechas del **14 de diciembre de 2017** y **17 de julio de 2018**. Ante dicho procedimiento en el foro federal y la falta de registro oportuno del mandamiento en el Registro de la Propiedad, el recobro de la *Sentencia* emitida a favor del matrimonio Lugo-Pérez sobre el bien con anotación de embargo quedó en suspenso.[68]

Como parte del proceso de la reclamación de epígrafe, el 18 de marzo de 2025, se llevó a cabo la Vista en Rebeldía. Los apelantes, ni representante legal de su parte, comparecieron a la vista.[69] En esta audiencia, Don José Lugo Alejandro expuso que, el **8 de marzo de 2016** pasó por la oficina del licenciado Rivera Núñez para presentarle la evidencia de las **costas**. Don José Lugo Alejandro indicó: "no me quiso recibir las costas, y me dijo que tenía que hacer cita para entregárselas".[70] Recordemos que la *Sentencia* se emitió el **26 de febrero de 2016** y se notificó el **29 del mismo mes y año**. Don José Lugo Alejandro también indicó que, el **10 de febrero de 2018**, luego del proceso apelativo, el licenciado Rivera Núñez citó al matrimonio Lugo-Pérez para notificarles "que había cometido un error y que los gastos del caso no los había sometido porque él

---

[68] Véase, Apéndice del recurso, págs. TA-0340, 0394. El Sr. José A. Lugo Alejandro aparece como acreedor no asegurado de Vanessa Navarro Betancourt y Bonifacio Navarro Hernández en la *Official Form 106E/F. Schedule E/F: Creditors Who Have Unsecured Claims*. La deuda no asegurada o no prioritaria se describe en la forma como: "STATE COURT JUDGEMENT" y "STATE COURT JUDGEMENT: ATTORNEY FEES, COST, EXPENSES AND INTEREST".
[69] Véase, Entrada 111, del expediente digital del caso CG2021CV00599, SUMAC TPI.
[70] Véase, TPO de 18 de marzo de 2025, pág. 38, líneas 6-24.

pensaba que era jurisdiccional y que no los había sometido".[71] Sobre la anotación de embargo, Don José Lugo Alejandro mencionó que recibió consejo legal de otra abogada y fue informado que "estaba contra la ley presentar un embargo después que una persona se va a quiebra".[72] También, Don José Lugo Alejandro relató que la presentación de la quiebra de los Navarro paralizó los procedimientos de ejecución de sentencia en el caso E PE2007-0105.[73]

Ante tal panorama, el matrimonio Lugo-Pérez presentó testimonio sobre su deterioro emocional ante la impotencia del recobro de lo otorgado en su caso. Don José Lugo Alejandro afirmó asistir al psiquiatra y estar bajo tratamiento de fármacos.[74] Doña Elsa Pérez Ramírez indicó que no recibe ayuda psiquiatra ni medicamentos "porque no los puedo costear".[75] Ambos se amparan en la ayuda emocional que les ofrece la iglesia en donde se congregan.

En primer lugar, el deber legal exigible, como profesional del derecho, radicaba en la presentación **oportuna** del memorando de costas. Quedó evidenciado y admitido que no se presentó el memorando de costas.

En segundo lugar, la presentación del *Mandamiento* ante el Registro de la Propiedad resultó tardío. Resulta previsible que el patrimonio de una persona pueda cambiar con el pasar del tiempo. El periodo prolongado y no justificado de la presentación del mandamiento configuró una **omisión negligente** del licenciado Rivera Núñez. El abogado insiste en que la propiedad en cuestión había sido amparada bajo la Ley de Hogar Seguro, 31 LPRA sec. 185

---

[71] Véase, TPO de 18 de marzo de 2025, pág. 43, líneas 12-14; pág. 58, líneas 4-15.
[72] Véase, TPO de 18 de marzo de 2025, pág. 47, líneas 3-7.
[73] Véase, TPO de 18 de marzo de 2025, pág. 51, líneas 14-25.
[74] Véase, TPO de 18 de marzo de 2025, pág. 55, líneas 1-25; pág. 56, líneas 1-4.
[75] Véase, TPO de 18 de marzo de 2025, pág. 62, líneas 23-24.

8i, y que por esa razón se convertía en un activo protegido.[76] Empero, resulta contradictorio que, en su *Moción Solicitando Aseguramiento de Sentencia* del 23 de agosto de 2017,[77] el licenciado Rivera Núñez incluyera la descripción de la propiedad, que luego indicó no hubiera podido ejecutar.

Por lo tanto, el efecto de la tardanza en la presentación de un mandamiento para inscripción y el estado legal de una propiedad ante el recobro de una sentencia son gestiones en control de la representación legal. El realizar cuidadosamente estas diligencias reduce la comunicación inadecuada y la creación de falsas expectativas, máxime, cuando se afirmó ante el tribunal que **la propiedad estaba libre de cargas y gravámenes**.[78] El manejo inadecuado de información ante sus clientes incide directamente en el deber de diligencia del abogado hacia sus clientes.

Los efectos adversos sobre la salud del matrimonio Lugo-Pérez al conocer que el bien señalado por su abogado como garantía al recobro de la cantidad acreditada por el Tribunal, no pudo ser ejecutado oportunamente, representa el daño real evidenciado por los apelados.[79] En consecuencia, se configuran todos los elementos para una causa de acción civil en daños y perjuicios.

En su tercer señalamiento de error, los apelantes señalaron que el foro primario abusó de su discreción al anotar la rebeldía a

---

[76] Véase, Apelación Civil, pág. 32.
[77] Véase, Entrada 24, Anejo H, del expediente digital del caso CG2021CV00599, SUMAC TPI. *Moción de Desestimación por falta de jurisdicción.*
[78] *Id.*, a la página 2.
[79] Véase, Entrada 105, del expediente digital del caso CG2021CV00599, SUMAC TPI. EXH. 14 PTE DTE. EXPEDIENTE M[É]DICO DEL DR. EDELMIRO RODR[Í]GUEZ RAM[Í]REZ CORRESPONDIENTE AL CODTE JOS[É] LUGO ALEJANDRO. *Moción en cumplimiento de orden*, presentada por la parte apelada el 17 de marzo de 2025.
Según el testimonio de Don José Lugo Alejandro, este se enteró de la falta del licenciado Rivera Núñez en la presentación del memorando de costas el 10 de febrero de 2018. La primera reclamación en contra del licenciado Rivera Núñez por esta acción se presentó el 11 de enero de 2019 (caso CG2019CV00114). En esta reclamación, el foro primario decretó el "archivo **sin perjuicio** de la acción pendiente en este caso, sin especial imposición de costas ni honorarios de abogado" [énfasis en el original], el 11 de agosto de 2021 y se notificó el 19 de agosto del mismo año ya que la acción fue desistida. La misma controversia se incoó nuevamente el 10 de marzo de 2021 en la demanda de epígrafe.

los apelantes en contravención a la Regla 39.2 de Procedimiento civil. No les asiste la razón. Veamos.

Nuestro más Alto Foro define la rebeldía como "la posición procesal en que se coloca la parte que ha dejado de cumplir un deber procesal o de ejercitar su derecho de defenderse". *Rodríguez et al. v. Rivera et al.*, supra. La Regla 39.2 de Procedimiento Civil también gobierna sobre este asunto.

El expediente digital del caso de epígrafe evidencia las múltiples solicitudes de anotación de rebeldía de los apelados, así como las sanciones y órdenes emitidas por el foro primario sobre cuestiones relacionadas con el incumplimiento del licenciado Rivera Núñez.[80] Finalmente, y como previamente reseñado, la vista del 18 de marzo de 2025 se llevó a cabo sin la comparecencia de la parte apelante.

En fin, ante el reiterado incumplimiento de la parte apelante con el descubrimiento de prueba y de las órdenes del Tribunal, y habida cuenta de que la parte fue debidamente advertida de las consecuencias de su incumplimiento, no incidió el foro primario al anotarle la rebeldía. No apreciamos abuso de discreción por parte del foro *a quo*, por lo cual, el error imputado no se cometió.

En el cuarto y último señalamiento de error, la parte apelante indicó que no existe prueba alguna para imputar responsabilidad solidaria por impericia profesional a la señora Casul, pues ella no es abogada admitida y que tampoco debe considerarse cocausante de los daños reclamados por los apelados. No le asiste la razón a la parte apelante. Nos explicamos.

En el caso ante nuestra consideración, en ausencia de capitulaciones matrimoniales, la señora Blessie Casul Perales y el

---

[80] Véase, Entradas 13, 14, 15, 16, 17, 19, 21, 23, 26, 44, 47, 48, 64, 65, 67, 68, 69, 72, 77, 94, 96, 101, 109, 105, entre otras, del expediente digital del caso CG2021CV00599, SUMAC TPI.

licenciado Rivera Núñez componen la Sociedad Legal de Gananciales Rivera-Casul. Según el derecho aplicable esbozado, serán de cargo de la sociedad de bienes gananciales "[...] todas las deudas y obligaciones contraídas durante el matrimonio por cualquiera de los cónyuges" Artículo 1308 del derogado Código Civil de 1930, *supra*. La reclamación incoada por el matrimonio Lugo-Pérez es una acción en daños y perjuicios. La determinación emitida por el foro primario impuso responsabilidad al licenciado Rivera Núñez por incumplir con el deber de diligencia que exige el Código de Ética Profesional, *supra*. Dicha decisión dictada en contra de la Sociedad Legal de Gananciales Rivera-Casul se traduce en una deuda. La causa de acción en daños y perjuicios se originó por falta de diligencia en la gestión profesional del licenciado Rivera Núñez. La práctica profesional del licenciado Rivera Núñez representa una actividad beneficiosa a la masa ganancial, *Rosario v. Dist. Kikuet, Inc.*, supra.

Por lo anterior, el licenciado Rivera Núñez y la señora Blessie Casul Perales, como miembros de la Sociedad Legal de Gananciales Rivera-Casul que ambos componen, le responden solidariamente a la parte apelada.

**IV**

Por los fundamentos que anteceden, se confirma el dictamen apelado.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones